# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| REED COLLAR, et al., etc., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 14-0349-WS-B |
| | ) |
| TREVIS AUSTIN, etc., | ) |
| | ) |
|     Defendant. | ) |

## ORDER

This matter is before the Court on the defendant's motion to stay. (Doc. 10). The plaintiffs have filed a response and the defendant a reply, (Docs. 14, 16), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion is due to be denied.

The plaintiffs' decedent ("Collar") was a student at the University of South Alabama ("the University") when he was shot and killed by the defendant, a police officer employed by the University. Count One is a claim for violation of the Fourth and Fourteenth Amendments, brought pursuant to Section 1983. Count Two is a claim for wrongful death under Alabama law. (Doc. 1).

Shortly after suit was filed, the defendant filed a motion for summary judgment, (Doc. 7), briefing on which is underway. (Doc. 11). The instant motion seeks a stay of all proceedings – especially discovery – pending a ruling on his motion for summary judgment.

The complaint includes considerable allegations concerning the conduct of both Collar and the defendant in the moments leading up to the 1:00 a.m. campus shooting. Distilled, the complaint alleges that Collar, under the influence of a foreign substance, became mentally distressed, confused and disoriented, to the point of taking off all his clothes and running in out of campus traffic; that he

appeared at the campus police station looking for assistance and hit the door and window with his hands when he found the building locked; that the defendant was inside the building and able to observe Collar by video; that it was obvious that Collar was in need of help, was unarmed and posed no threat to anyone (there being no one there); that the defendant, without awaiting assistance, exited the building with his firearm drawn; and that, without any overt, aggressive action or threat by Collar, and without first employing available non-lethal force, the defendant discharged his firearm into Collar's torso at point-blank range, killing him.

In seeking summary judgment, the defendant disagrees with the complaint's version of the facts, including at least his awareness of Collar's behavior and appearance before he exited the building; Collar's aggressive behavior and comments once the defendant came into contact with him; and the defendant's efforts to employ non-lethal force and why they failed. (Doc. 8 at 3-6). Relying on his version of the evidence, the defendant seeks summary judgment as to Counts One and Two on the grounds of qualified immunity and state-agent immunity, respectively.

The defendant asserts that, whenever the issue of qualified immunity is raised, it should be resolved before any discovery is permitted. (Doc. 10 at 2). "We think the matter somewhat more complicated." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). "[I]t should first be determined whether the actions the [plaintiffs] allege [the defendant] to have taken are actions that a reasonable officer could have believed lawful. If they are, then [the defendant] is entitled to dismissal prior to discovery." *Id*. "If they are not, and if the actions [the defendant] claims he took are different from those [the plaintiffs] allege (and are actions that a reasonable officer could have believed lawful), then discovery may be necessary before [the defendant's] motion for summary judgment on qualified immunity grounds can be resolved." *Id*.

The Supreme Court repeated this rule in *Crawford-El v. Britton*, 523 U.S. 574 (1998). "[I]f the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery." *Id*. at 598. "To do so, the court must determine whether, assuming the truth of the plaintiff's allegations, the official's conduct violated clearly established law." *Id*. "If the plaintiff's action survives these initial hurdles and is otherwise viable, the plaintiff ordinarily will be entitled to some discovery." *Id*. "Of course, the judge should give priority to discovery concerning issues that bear upon the qualified immunity defense, such as the actions that the official actually took, since that defense should be resolved as early as possible." *Id*. at 599-600.

The Eleventh Circuit as well has recognized that discovery is not uniformly prohibited before a qualified immunity defense is decided. In *Harbert International, Inc. v. James*, 157 F.3d 1271 (11th Cir. 1998), the plaintiff sought discovery under Rule 56(f) – now Rule 56(d) – to combat the defendants' motion for summary judgment based on qualified immunity. The Court did not state that no discovery is ever permissible but only that the trial court "'must exercise its discretion so that officials are not subjected to *unnecessary and burdensome* discovery or trial proceedings.'" *Id*. at 1280 (emphasis added) (quoting *Crawford-El*, 523 U.S. at 597-98). A Rule 56(d) motion "balance[s] the movant's demonstrated need for discovery against the burden such discovery will place on the opposing party," and the mere assertion of qualified immunity does not obviate such balancing. Rather, "[i]n qualified immunity cases, [that] balancing is done with a thumb on the side of the scale weighing against discovery." *Id*.

The defendant did not address these cases in his principal brief, but in reply he acknowledges that *Anderson* approves of dismissal without discovery "if the actions alleged by the plaintiff are actions an objectively reasonable officer could have believed to be lawful." (Doc. 16 at 9).

The defendant's motion, however, does not fit within that paradigm. He does not argue that, accepting all allegations of the complaint as true, his alleged

3

conduct did not violate clearly established law.  Instead, he argues that, under the version of events he presents in his motion for summary judgment, his conduct did not violate the Constitution or clearly established law.  Under *Anderson* and *Crawford-El*, such an argument does not preclude discovery prior to resolution of the qualified immunity defense.[1]

As for the wrongful death claim, none of the cases cited by the defendant stands for the proposition that state-agent immunity is to be decided before any discovery is conducted.  On the contrary, the defendant relies heavily on *Ryan v. Hayes*, 831 So. 2d 21 (Ala. 2002), which states that "once the parties have had the opportunity to conduct discovery, the defendants would have the opportunity to seek a summary judgment on the ground that they were entitled to State-agent immunity." *Id*. at 32.  That cases exist in which "[t]here is no indication in the opinion that the parties conducted any discovery," (Doc. 16 at 4 n.1), falls far short of demonstrating that no discovery is permissible.

For the reasons set forth above, the defendant's motion to stay is **denied**.

DONE and ORDERED this 30th day of September, 2014.

                                s/ WILLIAM H. STEELE
                                CHIEF UNITED STATES DISTRICT JUD

---

[1] Nor does it guarantee pre-resolution discovery, and the plaintiffs' anticipated Rule 56(d) motion, (Doc. 14 at 4), will have to cope with the "thumb on the side of the scale" favoring the defendant.  It will also have to cope with the defendant's contention that discovery in the previous, state lawsuit furnishes the plaintiffs all the discovery they could need.